UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALICE CORTES, on behalf of herself
and all others similarly situated**

    **Plaintiff,**

v.

**PERCEPTA, LLC and
FORD MOTOR COMPANY,**

    **Defendants.**

_____/

Case No.:

6:17-cv-758-Orl-41DCI

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Alice Cortes ("Plaintiff"), on behalf of herself and all others similarly situated, hereby sues Defendants, Percepta, LLC and Ford Motor Company ("Percepta", "Ford" or "Defendants") and states as follows:

### INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff, and all other current and former employees of Defendants that are similarly situated.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Orlando Division because a substantial part of the events giving rise to this claim

occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, PERCEPTA, LLC, is a Foreign Limited Liability Company authorized and doing business in this Judicial District.

4. Defendant, FORD MOTOR COMPANY, is a Foreign Profit Corporation authorized and doing business in this Judicial District.

5. Defendants, PERCEPTA and FORD, are a joint employer and/or integrated enterprise.

6. Defendants are covered employers under the Fair Labor Standards Act.

7. Plaintiff, ALICE CORTES, is an adult and a resident of Brevard County, Florida.

8. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(2), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendants from approximately October 15, 2005 to February 12, 2016. At all times material to this case, Plaintiff worked for Defendants as a Zone Manager, working at Defendants' location in Melbourne, Florida.

10. As a Zone Manager, Plaintiff's primary job duties were primarily customer service and clerical in nature. Plaintiff worked in a call center environment and is essentially a liaison between Defendant, FORD, and automobile dealerships. Plaintiff was consistently on the telephone throughout the day and was required to meet a call volume imposed by

Defendants. Plaintiff did not manage or supervise any employees and was not able to exercise independent discretion and judgment related to matters of significance.

11. Plaintiff was a full time employee, was compensated by Defendants on a salary basis and was improperly classified by Defendants as exempt under the FLSA.

12. Plaintiff worked an average of approximately fifty (50) hours per week; however, Plaintiff was not compensated at a rate of time and one-half her regular rate of pay for all hours worked over forty (40) in a work week.

13. Defendants employed numerous Zone Managers who were misclassified as exempt employees, had to adhere to the same policies and procedures of Defendants and had the same work requirements, job duties, and compensation structure as Plaintiff. Specifically, Defendant employed and continues to employ similarly situated Zone Managers.

14. Plaintiff, and all others similarly situated Zone Managers, were/are working in excess of forty (40) hours per work week for which Defendants knew or should have known.

15. At all material times, Plaintiff, and all others similarly situated, were regularly required to work hours in excess of the maximum hours allowed by law (overtime hours). However, Defendant failed to keep accurate time records reflecting the hours worked by Plaintiff and others similarly situated.

16. Plaintiff, and all others similarly situated, were/are not exempt from the overtime provisions of the FLSA. In fact, Plaintiff, and all others similarly situated, are entitled to overtime compensation for all overtime hours worked under the FLSA.

17. Defendants' violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly situated.

18. Plaintiff has retained the services of Bouzas Owens, P.A. and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME

19. Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though set forth fully herein.

20. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and overtime at a rate of not less than 1 ½ times the regular rate of pay for all hours worked in excess of the maximum hours allowed by law (overtime hours).

21. Plaintiff, and all others similarly situated, were and are paid salary by Defendants, but are not exempt from the right to receive overtime pay under the FLSA. Therefore, they are entitled to be paid overtime compensation for all overtime hours worked.

22. Throughout their employment with Defendants, Plaintiff, and all others similarly situated, worked in excess of the maximum hours allowed by law (overtime hours), for which they were not compensated at the overtime rate.

23. Plaintiff, and all others similarly situated, are entitled to be paid overtime compensation for all overtime hours worked.

24. Defendants' failure to pay Plaintiff, and all others similarly situated, overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of the maximum hours allowed by law (overtime hours), violates and continues to violate the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 207.

25. Defendants have failed to make, keep and preserve records with respect to Plaintiff, and all others similarly situated, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

26. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff, and all others similarly situated.

27. As a direct result of Defendants' violations of the FLSA, Plaintiff, and all others similarly situated, suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

WHEREFORE, Plaintiff, ALICE CORTES, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for:

(a) Overtime compensation, liquidated damages, and prejudgment interest;

(b) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(c) A judicial determination that the FLSA was violated;

(d) An adjudication on the merits of the case; and

(e) Such other relief as the court may deem just and proper.

## COUNT II – FAIR LABOR STANDARDS ACT - COLLECTIVE ACTION

28. Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as though set forth fully herein.

29. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of herself and all others similarly situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

30. At all times material, Defendants failed to comply with 29 U.S.C. § 201 *et seq.*, in that individuals similarly situated to Plaintiff worked for Defendants in excess of the maximum hours allowed by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half their regular rate of pay for the overtime hours worked.

31. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants in the Sheriff's Deputy position, or similar positions during the applicable statute of limitations, who have not been compensated at one and a half times their regular rate of pay for all overtime hours worked, and for Defendant's failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each workweek.

32. The putative class members are current, former, and future Zone Managers of Defendants who were paid salary and worked in excess of forty hours in at least one work week during the past three (3) years.

33. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices related to their misclassification as exempt employees by Defendants.

34. The names and addresses of the putative class members are available from Defendants for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

35. Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

36. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, ALICE CORTES, individually and on behalf of all others similarly situated, respectfully requests all legal and equitable relief allowed by law including:

    (a) Designation of this action as a collective action on behalf of Plaintiff and all others similarly situated;

    (b) Judgment against Defendants for overtime compensation, liquidated damages, and prejudgment interest;

    (c) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    (d) A judicial determination that the FLSA was violated;

    (e) An adjudication on the merits of the case; and

    (f) Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

37. Plaintiff, ALICE COTES, on behalf of herself and all others similarly situated, demands a trial by jury.

Dated this 26th day of April, 2017.

BOUZAS OWENS, P.A.

*[signature]*

**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
Primary Email: greg@bouzasowens.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary Email:
miguel@bouzasowens.com
2154 Duck Slough Blvd.
Suite 101
Trinity, Florida 34655
(727) 254-5255
(727) 483-7942 (fax)
*Trial attorneys for Plaintiff*